MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:     (310) 271-6223
Facsimile:     (310) 271-9805
E-mail:         michael.berger@bankruptcypower.com

*Proposed* Counsel for Debtor and Debtor-in-Possession,
BESTHOST INN LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>BESTHOST INN LLC,<br><br>　　　　Debtor and Debtor-in-Possession. | CASE NO.: 8:21-bk-12158-ES<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL REAZUDDIN IN SUPPORT THEREOF**<br><br>[LBR 2081-1 and LBR 9075]<br><br>Hearing Scheduled For:<br>Date:    September 7, 2021<br>Time:   10:00 a.m.<br>Place:   Courtroom 5A [via ZoomGov]<br>　　　　411 West Fourth Street<br>　　　　Santa Ana, CA 92701-4593<br><br>Meeting URL:<br>https://cacb.zoomgov.com/j/1602897110<br>Meeting ID: 160 289 7110<br>Password: 606141<br>Telephone conference lines: 1 (669) 254 5252<br>or 1 (646) 828 7666 |

1
NOTICE OF MOTION AND DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM
OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL REAZUDDIN IN SUPPORT THEREOF

**TO THE HONORABLE ERITHE SMITH, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA, THE OFFICE OF THE UNITED STATES TRUSTEE, SUBCHAPTER V TRUSTEE, TO THE SECURED CREDITOR, TO THE TWENTY LARGEST UNSECURED CREDITORS, AND TO ALL OTHER INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

BESTHOST INN LLC, the Debtor and Debtor-in-Possession ("Debtor") moves this Court for an order authorizing it to use the cash collateral of its secured creditor, the Employment Development Department ("EDD" aka "Secured Creditor")[1] (the "Motion").

In order to effectively reorganize, Debtor must be able to use the cash collateral of its Secured Creditor to pay the reasonable expenses it incurs during the ordinary course of its business of operating a hotel. The Debtor requests authority from this court to approve interim use of cash collateral to pay the necessary payroll, payroll taxes, insurance, utilities, rent, and other necessary business expenses as set forth in the attached cash collateral budget, and incorporated herein as **Exhibit-1**, to continue its business operation without any interruption. Use of the cash collateral as proposed by the Debtor will allow the Debtor to continue doing business, preserve the Debtor's assets for the benefit of the estate and the creditors, including the Secured Creditor. The Debtor has a reasonable prospect of reorganizing through chapter 11. The continued use of cash collateral to ensure no interruption of Debtor's business will further allow Debtor to emerge as a reorganized Debtor.

**PLEASE TAKE NOTICE** that the hearing on the Motion will take place on September 7, 2021 at 10:00 a.m. in Courtroom 5A of the above-referenced Bankruptcy Court via ZoomGov:

Meeting URL: https://cacb.zoomgov.com/j/1602897110
Meeting ID: 160 289 7110
Password: 606141
Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666

---

[1] [1] The information for secured creditors was obtained by conducting a UCC Search on the California Secretary of State website at: https://bizfileonline.sos.ca.gov/search/ucc.

**PLEASE TAKE FURTHER NOTICE** that any opposition to the Motion may be made orally at the hearing.

This motion is made on the basis of the Declaration of Michael Reazuddin, the within Points and Authorities, and on such other evidence as the Court elects to consider prior to or at the hearing on this matter.

WHEREFORE, Debtor asks that this Court authorize interim use of EDD's cash collateral, as set forth herein, and for any other relief deemed necessary and proper.

LAW OFFICES OF MICHAEL JAY BERGER

Dated: 9/3/2021     By: _____
Michael Jay Berger
Proposed Counsel for Debtor and Debtor-in-Possession,
BESTHOST INN LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

### A. General Description of the Debtor

BESTHOST INN LLC (the "Debtor") operates a hotel near Knott's Berry Farm, less than 10 minutes from Disneyland Resort. Its members are Michael Reazuddin and Cuong Nguyen, with each member holding a 50% interest in Debtor. Mr. Reazuddin is the Managing Member of the Debtor and is charged with operating the hotel. Mr. Nguyen is a member and charged with handling Debtor's finances. Debtor does not own the land where the hotel is located. Debtor's landlord, Pannam Corp., owns the land and was operating the hotel until 2013, when the city revoked the hotel's conditional use permit due to building code violations and excessive crime. Debtor agreed to lease the hotel, renovate it, and restore the conditional use permit, in exchange for getting an option to purchase it for $5,100,000. Because of Debtor's efforts and improvements, the hotel is now worth approximately $10 Million. Debtor was ready to exercise its option to purchase the hotel, when Pannam Corp. refused to honor Debtor's option to purchase on the ground of alleged non-payment of rent. The non-payment of rent was fabricated by Landlord's principal, Loc Nguyen and his son, Cuong Nguyen, who was the only one with authority to sign checks.

Since the signing of the lease, Mr. Reazuddin contributed $100,000 in capital to the Debtor, which was used for renovations to the hotel. Ongoing hotel operations funded the rest of the renovations. Its 86 rooms were taken down and completely redesigned. The lobby area was also redesigned with new business center and a snack and beverage bar. The breakfast area was expanded to atrium-like setting. A new fitness center was added. The decking around the pool was resurfaced and sixty-two large palm trees planted to make the setting more attractive. These transformations made by the Debtor increased the annual revenue from $668,000 in 2013 to $2,140,00 in 2017. Because of the substantial number of improvements to the hotel made by the Debtor, it has been ranked at #3 on Trip Advisor among hotels in Buena Park.

Debtor currently employs about 25 employees, and issues payroll twice a month, on the 15th and on the 1st. Pre-petition payroll for the period covering August 16, 2021 to August 31, 2021 was issued and paid to its employees on August 31, 2021.

The Covid-19 pandemic affected the Debtor's operation, thus causing Debtor to fall behind on certain of its monthly obligations, including the utilities and the transient and occupancy tax to the City of Buena Park.

### B. Events Precipitating the Chapter 11 Bankruptcy Filing

The events precipitating the filing of Debtor's Chapter 11 bankruptcy case include:

(1) the unlawful detainer proceeding with its landlord pending in the Superior Court of CA, County of Orange, entitled Pannam Corp. v. BESTHOST INN LLC, Case No.: 30-2021-01177010-CU-UD-CJC;

(2) the complaint filed by Mr. Nguyen, individually and derivatively on behalf of the Debtor and Mr. Reazuddin's and Debtor's cross-complaint against Mr. Nguyen, individually and derivatively on behalf of the Debtor, pending in the Superior Court of CA, County of Orange, Case No.: Case No.: 30-2019-01108517. Debtor's cross-complaint alleges Breach of Fiduciary Duty, Breach of Contract, Expulsion From LLC, Interference with Contractual Relations, Intentional Interference with Prospective Economic Advantage, Conversion, Declaratory Relief, Breach of Contract.

(3) A workers' compensation claim by Rogelio Fernandez Peralta against the Debtor, pending with Workers Compensation Appeals Board, Case No.: ADJ14924809; and

(4) A slip-and-fall case filed by Chris Samu and Ursula SchultzeGahmen against the Debtor, pending in the Superior Court of CA, County of Orange, Case No.: 30-2020-01126377-CU-PO-CJC. Debtor's insurance carrier is currently handling this matter.

(5) Covid-19 pandemic, which caused reduction in Debtor's gross revenue, which in turn caused Debtor to fall behind on some of its operating expenses.

///

///

*Timbers*, 108 S. Ct at 633; *In re Ledgemere Land Corp.*, 116 B.R. 338, 343 (Bankr. D.Mass. 1990) (So long as the receivables being collected and used by the debtor are being replaced by sufficient new receivables in which the creditor is granted a security interest, the creditor is adequately protected); *In re Johnson*, 90 B.R. 973, 978 (Bankr. D. Minn. 1988) (Since value of the collateral has not declined, the bank is not impaired and is not entitled to receive adequate protection payments); *In re Century Inv. Fund VII, Ltd. Partnership*, 96 B.R. 884, 887 (Bankr. E.D. Wis. 1989) (Where value appears to be stable, creditor is not entitled to adequate protection payments); *In re Kessler*, 86 B.R. 134, 136 (Bankr. C.D. Ill. 1988) (under *Timbers*, the sellers are not entitled to adequate protection payments, as there was no showing the 80-acre tract was depreciating in value); *In re Anderson*, 88 B.R. 877, 889 (Bankr. N.D. Ind. 1988) (Secured creditor required to show a necessity for adequate protection by showing a decline in asset value from the petition date); *In re McCombs Properties VI, Ltd.*, 88 B.R. 261 (Bankr. C.D.Cal. 1988); *In re Elmore*, 94 B.R. 670 (Bankr. C.D. Cal. 1988). Alternatively, a debtor can make an adequate protection showing even where the collateral is declining in value, as long as the creditor's interest therein is protected by a reasonable equity cushion. *See*, *In re Mellor*, 734 F. 2d 1396 (9th Cir. 1984); *In re Harrington & Richardson, Inc.*, 48 B.R. 431 (Bankr. D.Mass. 1985); *In re Mccombs Properties Vi, Ltd.*, 88 B.R. 261 (Bankr. C.D.Cal. 1988).

In order to effectively reorganize, Debtor must be able to use the cash collateral of EDD in order to pay the reasonable expenses it incurs during the ordinary course of its business. The Debtor requests authority from this court to approve interim use of cash collateral to pay the necessary payroll, payroll taxes, insurance, utilities, rent, and other necessary business expenses as set forth in the attached cash collateral budget, and incorporated herein as **Exhibit-1,** to continue the operation of the hotel without any interruption. Use of the cash collateral as proposed by the Debtor will allow the Debtor to continue doing business, preserve the Debtor's assets for the benefit of the estate and the creditors, including EDD.

If the Debtor's access to the cash collateral is interrupted for even a brief period of time, the consequences would be disastrous for the creditors of the estate. The Debtor would be

unable to operate its business without any interruption. The employees and the clients would leave and the business would shut down, making its value zero. As such, it is in the best interests of the estate and its creditors for the Debtor to be authorized to use the cash collateral to continue to operate and maintain its business of operating the hotel.

Although the Budget represents the Debtor's best estimate of the necessary expenses associated with the business, the needs of the business may fluctuate. Therefore, the Debtor requests Court authority to deviate from the total expenses contained in the Budget by no more than 15% and to deviate by category (provided the Debtor does not pay any expenses outside any of the approved categories) without the need for further Court order or the express written consent of Secured Creditor in advance unless such expenditure is an emergency and then the Debtor shall notify the Secured Creditor of the expenditures immediately.

### B. EDD'S INTEREST IS ADEQUATELY PROTECTED BY THE CONTINUED OPERATION OF THE DEBTOR

Pursuant to Section 363(c)(2), the Court may authorize the debtor to use a secured creditor's cash collateral if the Court determines that the secured creditor is adequately protected. *Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396, 1400 (9th Cir. 1984). See also *O'Connor, supra*, 808 F.2d at 1398; *McCombs Properties VI, Ltd. v. First Texas Savings Association (In re McCombs Properties VI, Ltd.)*, 88 B.R. 261, 265 (Bankr. C.D. Cal. 1988). In ordinary circumstances, a secured creditor is to be protected against a decrease in value which directly affects the secured creditor's interest in its collateral. See *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 630, (1988); Section 506(a) of the Bankruptcy Code "limit[s] the secured status of a creditor (i.e., the secured creditor's claim) to the lesser of the [allowed amount of the] claim or the value of the collateral." *McCombs, supra*, 88 B.R. at 266.

As a general rule, a debtor may use cash collateral where such use would enhance or preserve the value of the collateral. *In re Stein*, supra, 19 B.R. at 460; see also *McCombs*, supra, 88 B.R. at 267.

Here, as mentioned above, EDD is the only secured creditor that have a security interest in the assets of the Debtor. Its interest is safeguarded by the continued operation of the Debtor.

Debtor is not offering any monthly adequate protection payments to EDD at this time because EDD's claim amount is nominal and its interested is adequately protected by the continued operation of Debtor's business. EDD's state tax liens total $21,575.42. Debtor will pay EDD through the plan in full within 5-years from the petition date at the applicable interest rate.

The use of cash collateral is essential to continue the ordinary maintenance and operations of Debtor's business. Without the use of the cash collateral, the Debtor will be unable to pay will be unable to pay the necessary payroll and payroll taxes, insurance, on-going costs, rent, utilities and other necessary business expenses that arise in connection with the operation of its type of business. As such, unless the Debtor is permitted to use the cash collateral, the value of the business will rapidly diminish.

### C. <u>IN DETERMINING ADEQUATE PROTECTION, THE COURT SHOULD PROMOTE REORGANIZATION</u>

In determining adequate protection, Courts have stressed the importance of promoting a debtor's reorganization. In *In re O'Connor*, supra, the Tenth Circuit stated:

> In this case, Debtors, in the midst of a Chapter 11 proceeding, have proposed to deal with cash collateral for the purpose of enhancing the prospects of reorganization. This quest is the ultimate goal of Chapter 11. Hence, the Debtor's efforts are not only to be encouraged, but also their efforts during the administration of the proceeding are to be measured in light of that quest. Because the ultimate benefit to be achieved by a successful reorganization inures to all the creditors of the estate, a fair opportunity must be given to the Debtors to achieve that end. Thus, while interests of the secured creditor whose property rights are of concern to the court, the interests of all other creditors also have bearing upon the

question of whether use of cash collateral shall be permitted during the early stages of administration.

808 F.2d at 1937.

In order to promote Debtor's reorganization, the Court should grant the relief requested herein. The Debtor has demonstrated herein that the use of the cash collateral as proposed by the Debtor will preserve assets and operations of the Debtor for the benefit of this estate and the creditors, including the EDD. Indeed, a successful reorganization depends upon the use of cash collateral as proposed herein.

## IV. CONCLUSION

Based upon the foregoing, the Debtor respectfully requests that the Court grant the relief herein requested, authorizing interim use of cash collateral on the terms and conditions described in the Motion and the exhibits thereto and granting such other and further relief as is just and proper under the circumstances.

Dated: 9/3/2021

LAW OFFICES OF MICHAEL JAY BERGER

By: _____
MICHAEL JAY BERGER
*Proposed* Counsel for Debtor and Debtor-in-Possession, BESTHOST INN LLC

10

NOTICE OF MOTION AND DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL REAZUDDIN IN SUPPORT THEREOF

## DECLARATION OF MICHAEL REAZUDDIN

I, Michael Reazuddin, declare and state as follows:

1. I am the Managing Member of BESTHOST INN LLC, the debtor and debtor-in-possession in the above-captioned matter (the "Debtor"). I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2. I make this declaration in support of Debtor's Emergency Motion for Order Authorizing Interim Use of Cash Collateral (the "Motion").

3. On September 1, 2021, the Debtor filed its Chapter 11 bankruptcy petition. This is the Debtor's first voluntary bankruptcy petition filing.

4. BESTHOST INN LLC operates a hotel near Knott's Berry Farm, less than 10 minutes from Disneyland Resort. Its members include myself and Cuong Nguyen, with each member holding a 50% interest in Debtor. I am the Managing Member of the Debtor and am charged with operating the hotel. Mr. Nguyen is a member and charged with handling Debtor's finances. Debtor does not own the land where the hotel is located. Debtor's landlord, Pannam Corp., owns the land and was operating the hotel until 2013, when the city revoked the hotel's conditional use permit due to building code violations and excessive crime. Debtor agreed to lease the hotel, renovate it, and restore the conditional use permit, in exchange for getting an option to purchase it for $5,100,000. Because of Debtor's efforts and improvements, the hotel is now worth approximately $10 Million. Debtor was ready to exercise its option to purchase the hotel, when Pannam Corp. refused to honor Debtor's option to purchase on the ground of alleged non-payment of rent. The non-payment of rent was fabricated by Landlord's principal, Loc Nguyen and his son, Cuong Nguyen, who was the only one with authority to sign checks.

5. Since the signing of the lease, I contributed $100,000 in capital to the Debtor, which was used for renovations to the hotel. Ongoing hotel operations funded the rest of the renovations. Its 86 rooms were taken down and completely redesigned. The lobby area was also redesigned with new business center and a snack and beverage bar. The breakfast area was

expanded to atrium-like setting. A new fitness center was added. The decking around the pool was resurfaced and sixty-two large palm trees planted to make the setting more attractive. These transformations made by the Debtor increased the annual revenue from $668,000 in 2013 to $2,140,00 in 2017. Because of the substantial number of improvements to the hotel made by the Debtor, it has been ranked at #3 on Trip Advisor among hotels in Buena Park.

6. Debtor currently employs about 25 employees, and issues payroll twice a month, on the 15th and on the 1st. Pre-petition payroll for the period covering August 16, 2021 to August 31, 2021 was issued and paid to its employees on August 31, 2021.

7. The Covid-19 pandemic affected the Debtor's operation, thus causing Debtor to fall behind on certain of its monthly obligations, including the utilities and the transient and occupancy tax to the City of Buena Park.

8. The events precipitating the filing of Debtor's Chapter 11 bankruptcy case include:

(i) the unlawful detainer proceeding with its landlord pending in the Superior Court of CA, County of Orange, entitled Pannam Corp. v. Besthost Inn LLC, Case No.: 30-2021-01177010-CU-UD-CJC;

(ii) the complaint filed by Mr. Nguyen, individually and derivatively on behalf of the Debtor and my and Debtor's cross-complaint against Mr. Nguyen, individually and derivatively on behalf of the Debtor, pending in the Superior Court of CA, County of Orange, Case No.: Case No.: 30-2019-01108517. Debtor's cross-complaint alleges Breach of Fiduciary Duty, Breach of Contract, Expulsion From LLC, Interference with Contractual Relations, Intentional Interference with Prospective Economic Advantage, Conversion, Declaratory Relief, Breach of Contract.

(iii) A workers' compensation claim by Rogelio Fernandez Peralta against the Debtor, pending with Workers Compensation Appeals Board, Case No.: ADJ14924809; and

(iv) A slip-and-fall case filed by Chris Samu and Ursula SchultzeGahmen against the Debtor, pending in the Superior Court of CA, County of Orange, Case No.: 30-2020-01126377-CU-PO-CJC. Debtor's insurance carrier is currently handling this matter.

NOTICE OF MOTION AND DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF MICHAEL REAZUDDIN IN SUPPORT THEREOF

(v) Covid-19 pandemic, which caused reduction in Debtor's gross revenue, which in turn caused Debtor to fall behind on some of its operating expenses.

9. Debtor's prospect of reorganization includes exercising its option to purchase the hotel from the landlord and resolving the remaining disputes with its creditors.

10. The Covid-19 pandemic has negatively impacted the country's economy and devastated certain sectors of the economy. Debtor's operations have been impacted by the pandemic as well. However, Debtor is confident that it can emerge as a reorganized Debtor. With the Covid restrictions being removed, Debtor sees more traveling and booking of its rooms, and is optimistic that this trend will continue to generate the funds necessary to support a feasible reorganization plan.

11. The following creditors have an interest secured by Debtor's assets:

EDD: State Tax Lien filed on 10/21/2019 for $412.61;

EDD: State Tax Lien filed on 3/3/2020 for $7,769.35;

EDD: State Tax Lien filed on 6/3/2020 for $7,216.67; and

EDD: State Tax Lien filed on 9/28/2020 for $6,176.79;

12. The Debtor proposes that it be authorized to use the cash collateral of EDD for the purpose of paying the reasonable, necessary and ordinary expenses of operating the business. In order to effectively reorganize, Debtor must be able to use the cash collateral of EDD in order to pay the reasonable expenses it incurs during the ordinary course of its business. The Debtor requests authority from this court to approve interim use of cash collateral to pay the necessary payroll, payroll taxes, insurance, utilities, rent, and other necessary business expenses as set forth in the attached cash collateral budget, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit-1,** to continue the operation of the hotel without any interruption. Use of the cash collateral as proposed by the Debtor will allow the Debtor to continue doing business, preserve the Debtor's assets for the benefit of the estate and the creditors, including EDD.

13.    EDD is the only secured creditor that have a security interest in the assets of the Debtor. Its interest is safeguarded by the continued operation of the Debtor. Debtor is not offering any monthly adequate protection payments to EDD at this time because EDD's claim amount is nominal and its interested is adequately protected by the continued operation of Debtor's business. EDD's state tax liens total $21,575.42. Debtor will pay EDD through the plan in full within 5-years from the petition date at the applicable interest rate.

14.    Although the Budget represents the Debtor's best estimate of the necessary expenses associated with the business, the needs of the business may fluctuate. Therefore, the Debtor requests Court authority to deviate from the total expenses contained in the Budget by no more than 15% and to deviate by category (provided the Debtor does not pay any expenses outside any of the approved categories) without the need for further Court order or the express written consent of Secured Creditor in advance unless such expenditure is an emergency and then the Debtor shall notify the Secured Creditor of the expenditures immediately.

15.    If the Debtor's access to the cash collateral is interrupted for even a brief period of time, the consequences would be disastrous for the creditors of the estate. The Debtor would be unable to operate its business without any interruption. The employees and the clients would leave and the business would shut down, making its value zero. As such, it is in the best interests of the estate and its creditors for the Debtor to be authorized to use the cash collateral to continue to operate and maintain its business of operating the hotel.

16.    The use of cash collateral is essential to continue the ordinary maintenance and operations of Debtor's business. Without the use of the cash collateral, the Debtor will be unable to pay will be unable to pay the necessary payroll and payroll taxes, insurance, on-going costs, rent, utilities and other necessary business expenses that arise in connection with the operation of its type of business. As such, unless the Debtor is permitted to use the cash collateral, the value of the business will rapidly diminish.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on September 3, 2021 in Buena Park, California.

By: _____
Michael Reazuddin

15

NOTICE OF MOTION AND DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF MICHAEL REAZUDDIN IN SUPPORT THEREOF

# EXHIBIT 1

|  | Sep 2021 | Oct 2021 | Nov 2021 | Dec 2021 | Jan 2022 | Feb 2022 |
|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | |
| **Income** | | | | | | |
| Total of rooms avilable per month | 86 | 86 | 86 | 86 | 86 | 86 |
| Average Occupancy* | 70% | 70% | 75% | 75% | 75% | 75% |
| No. of days /month | 30 | 31 | 30 | 31 | 31 | 28 |
| Average Daily Rate** | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 |
| Revenue Per Available Room | 50.81 | 52.50 | 56.25 | 56.25 | 58.13 | 50.81 |
| **Hotel** | | | | | | |
| Room Revenue | 135,450.00 | 139,965.00 | 145,125.00 | 149,962.50 | 149,962.50 | 135,450.00 |
| Miscellaneous Income | 5,700.00 | 5,655.00 | 6,375.00 | 6,320.00 | 6,320.00 | 5,140.00 |
| Total Hotel | 141,150.00 | 145,620.00 | 151,500.00 | 156,282.50 | 156,282.50 | 140,590.00 |
| **Other Revenue** | | | | | | |
| **General admission** | | | | | | |
| Disney Tickets | 9,200.00 | 10,800.00 | 10,800.00 | 10,800.00 | 9,200.00 | 9,200.00 |
| Knott's Tickets | 2,800.00 | 3,200.00 | 3,200.00 | 3,200.00 | 2,800.00 | 2,800.00 |
| Total Other | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Total Gross Revenue | 153,150.00 | 159,620.00 | 165,500.00 | 170,282.50 | 168,282.50 | 152,590.00 |
| Cost of Goods Sold | 3,600.00 | 4,200.00 | 4,200.00 | 4,200.00 | 3,600.00 | 3,600.00 |
| T/A Commission | 3,386.25 | 3,499.13 | 3,628.13 | 3,749.06 | 3,749.06 | 3,386.25 |
| Total COGS | 6,986.25 | 7,699.13 | 7,828.13 | 7,949.06 | 7,349.06 | 6,986.25 |
| **Gross Profit** | 146,163.75 | 151,920.88 | 157,671.88 | 162,333.44 | 160,933.44 | 145,603.75 |
| **Expense** | | | | | | |
| Hotel Direct Expenses | | | | | | |
| Graphics Social Media | 0.00 | 1,600.00 | 1,600.00 | 1,600.00 | 1,600.00 | 1,600.00 |

| | Sep 2021 | Oct 2021 | Nov 2021 | Dec 2021 | Jan 2022 | Feb 2022 |
|---|---|---|---|---|---|---|
| Building Repairs & Maintenance | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 |
| Dues and Subscriptions | | | | | | |
| Laundry and HK supplies | 4,800.00 | 5,000.00 | 5,000.00 | 5,000.00 | 4,800.00 | 4,800.00 |
| Marketing | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| **Total Hotel Exp** | 8,600.00 | 8,800.00 | 8,800.00 | 8,800.00 | 8,600.00 | 8,600.00 |
| Insurance | | | | | | |
| Building Insurance-other | 2,542.72 | 2,542.72 | 2,542.72 | 2,542.72 | 2,542.72 | 2,542.72 |
| Health Insurance | | | | | | |
| Workers' Comp | 1,300.00 | 1,300.00 | 1,300.00 | 1,300.00 | 1,300.00 | 1,300.00 |
| **Total Insurance** | 3,842.72 | 3,842.72 | 3,842.72 | 3,842.72 | 3,842.72 | 3,842.72 |
| Lease Expense | 29,704.58 | 29,704.58 | 29,704.58 | 29,704.58 | 29,704.58 | 29,704.58 |
| Entertainment | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Meeting Room | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Miscellaneous | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Room Supplies | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 |
| Office Supplies | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Hotel Payroll Expenses | 39,000.00 | 39,000.00 | 39,000.00 | 39,000.00 | 39,000.00 | 39,000.00 |
| Hotel Payroll Taxes | 5,850.00 | 5,850.00 | 5,850.00 | 5,850.00 | 5,850.00 | 5,850.00 |
| Payroll Service | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 |
| Admin Expenses | | | | | | |
| Other Expenses | | | | | | |
| Contract Labor | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 |
| Pool Maintenance | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Postage and Delivery | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Professional Fees - IT Support | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 |
| Professional Fees- Accounting | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Provider fees - CC processing fee F&B | 1850.00 | 1850.00 | 1850.00 | 1850.00 | 1850.00 | 1850.00 |
| Taxes | | | | | | |
| Property Tax | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 |
| **Total Taxes** | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 |
| Utilities | | | | | | |
| Cable | 980.00 | 980.00 | 980.00 | 980.00 | 980.00 | 980.00 |
| Gas and Electric | 10,400.00 | 10,400.00 | 10,400.00 | 10,400.00 | 10,400.00 | 10,400.00 |
| Telephone | 425.00 | 425.00 | 425.00 | 425.00 | 425.00 | 425.00 |
| Water & Sewer | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 |
| Waste Removal | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 |
| **Total Utilities** | 14,605.00 | 14,605.00 | 14,605.00 | 14,605.00 | 14,605.00 | 14,605.00 |

|  | Sep 2021 | Oct 2021 | Nov 2021 | Dec 2021 | Jan 2022 | Feb 2022 |
|---|---|---|---|---|---|---|
| Total Expense | 121,602.30 | 121,802.30 | 121,802.30 | 121,802.30 | 121,602.30 | 121,602.30 |
| Capital Reserve (3%) |  |  |  |  |  |  |
| Net Ordinary Income | 24,561.45 | 30,118.58 | 35,869.58 | 40,531.14 | 39,331.14 | 24,001.45 |
| 3% Royalty Fee |  |  |  |  |  |  |
| Net Income | 24,561.45 | 30,118.58 | 35,869.58 | 40,531.14 | 39,331.14 | 24,001.45 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL REAZUDDIN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/3/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Proposed Counsel for Debtor: Michael Jay Berger   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Subchapter V Trustee: Robert Paul Goe (TR)   bktrustee@goeforlaw.com, bkadmin@goeforlaw.com;C187@ecfcbis.com;kmurphy@goeforlaw.com
U.S. Trustee: Michael J Hauser   michael.hauser@usdoj.gov
United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 9/3/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/3/2021 | Yathida Nipha | /s/Yathida Nipha |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**

Case 8:21-bk-12158-ES    Doc 9    Filed 09/03/21    Entered 09/03/21 15:52:06    Desc
Main Document    Page 20 of 20

### 3. SERVED BY FACSIMILE OR EMAIL

U.S. Trustee
Attn: Michael Hauser
Michael.hauser@usdoj.gov

Subchapter V Trustee
Attn: Rober Goe
rgoe@goeforlaw.com

Southern California Edison
c/o Margarita Gevondyan & Julia Mosel
Margarita.Gevondyan@sce.com; Julia.Mosel@sce.com

Chris Samu and Ursula Schulze Gahmen
c/o Hodes Milman LP
Attn: Jeffery A. Milman, Esq.
jmilman@hodesmilman.com

City of Buena Park
cityhall@buenapark.com

Cuong Nguyen
c/o Rutan & Tucker
Attn: Michael D. Adams, Esq.
madams@rutan.com

Direct TV
commercialcuster@att.net

Dream Telecom Solutions
fabiana@dts-inc.net

EDCO Park Disposal
c/o E. Henriquez
ehenriquez@edcodisposal.com

Myeres.com, Inc.
brad@myeres.com

Pannam, Corp
c/o Abel Ortiz, Esq.
orangecounty@kts-law.com; ocbregefiling@kts-law.com; gagerconstruction@live.com

Western State Design
mlenci@westernstaatedesign.com

Corey Taylor
corey@taylorlawoc.com

Rogelio Fernandez Peralta
c/o California Work Injury Orange
Attn: Rae Sadeghian, Esq. and Karen Velez
rsadeghian@cwilc.com; jaz@cwilc.com

Rogelio Fernandez Peralta
c/o Workers Compensation Appeals Board
ana@dir.ca.gov

EDD
Attn: Kelly
Fax (916) 654-9069

SoCal Gas
Fax (213) 244-8344

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                               F 9013-3.1.PROOF.SERVICE